IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

CARLOS M. ESCOBAR-FIGUEROA,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent,

CIVIL NO. 07-2042 (PG)
(Related to Crim. No. 02-393(PG))

## OPINION AND ORDER

Petitioner Carlos M. Escobar-Figueroa (hereinafter, "Petitioner" or "Petitioner Escobar-Figueroa") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with a Memorandum of Law, and a Letter of Introduction and Movant's Position (D.E. #1).[1] The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255 (D.E.# 7). Petitioner filed a Reply to the Government's response (D.E. # 7). For the reasons stated below, Petitioner Escobar-Figueroa's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

## I. BACKGROUND

On October 4, 2002, Petitioner Escobar-Figueroa and forty-two (42) others were indicted by a grand jury. Petitioner and his co-defendants were charged in Count One with a conspiracy to possess with the intent to distribute and to distribute five (5) or more kilograms of cocaine, fifty (50) or more grams of crack, and/or one (1) or more kilograms of heroin, in violation of 21 U.S.C. Sections 841 (a)(1) and 846.

---

[1] D.E. is an abbreviation for docket entry number.

Civil No. 07-2042 (PG) Page 2

On August 5, 2003, a jury trial commenced involving Petitioner and five (5) others co-defendants.[2] On September 29, 2003, Petitioner along with co-defendants were found guilty. In determining Petitioner's sentence the Court calculated: 1) a base offense level of thirty eight (38) under USSG Section 2D1.1(c) (as the offense of conviction involved more than one hundred fifty (150) kilograms of cocaine-after factoring equivalency elements); and 2) a two level enhancement for possession of firearms under USSG Section 2D1.1(b)(1). These figures added to a total offense level of forty (40). The total offense level, along with a criminal history category of I, resulted in a guideline sentencing range of two hundred ninety two to three hundred sixty five (292-365) months of imprisonment. Petitioner was sentenced to a total of two hundred ninety two (292) months (Crim D.E. #1001).[3]

Petitioner appealed and conviction was affirmed.[4] Judgment was entered on July 7, 2006, and no petition for a writ of certiorari was filed (Crim. D.E. #1012 and #1513). Defendant Escobar-Figueroa's petition for relief pursuant to section 2255 was filed on October 31, 2007 (D.E. #1).

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner claims that counsel's assistance was ineffective because he failed to raise the following arguments at sentencing: that he was a minor participant under USSG Section 3B1.2(b); that there was no evidence that he actually or constructively possessed a firearm under USSG Section 2D1.1(b)(1); and that the Court's drug quantity finding was contrary to the jury verdict and not supported by the evidence at trial.

**A. 28 U.S.C. Section 2255 standard**

Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

---

[2] All or most of the others pled guilty.

[3] Crim. D.E. is an abbreviation for criminal docket entry.

[4] United States v. Escobar-Figueroa, 454 F. 3d 40, 43 (1st Cir. 2006).

Civil No. 07-2042 (PG) Page 3

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255; Hill v. United States, 368 U.S. 424, 428 (1962). A habeas review is an extraordinary remedy, and a section 2255 motion is not a substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). Similarly, a federal prisoner may not use section 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe v. United States, 51 F. 3d 693, 698 (7th Cir. 1995). Accordingly, in a section 2255 motion, a defendant cannot raise: "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non constitutional issues that could have been but were not raised on direct appeal; ... and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from failure to appeal." Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992).

### B. Claims of Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991) (citation omitted), cert. denied, 502 U.S. 1079 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient and that the deficiency prejudiced the defense. Strickland, 466 U.S. at 687. In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Id. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy." Id. at 689. In order to show prejudice, a petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

Civil No. 07-2042 (PG)                                                                                    Page 4

**Ineffective assistance of counsel for failing to raise at sentencing: that he was a minor participant under USSG Section 3B1.2(b); that there was no evidence that he actually or constructively possessed a firearm under USSG Section 2D1.1(b)(1); and, that the Court's drug quantity finding was contrary to the jury verdict and not supported by the evidence at trial.**

Petitioner alleges ineffective assistance of counsel because his attorney should have raised at sentencing, first, that he was a minor participant under USSG Section 3B1.2(b), second, that there was no evidence that he actually or constructively possessed a firearm under USSG Section 2D1.1(b)(1), and third, that the Court's drug quantity finding was contrary to the jury verdict and not supported by the evidence at trial. However, Petitioner's claims were already raised by Petitioner on direct appeal and settled.

As to Petitioner's first allegation that he was a minor participant within the drug conspiracy, the Court of Appeals pointed out that "the evidence shows ... that for a lengthy period he was also the co-owner of a drug point. He purchased and prepared drugs for resale, supplied drugs to other co-conspirators and decided the price scheme for the sale of drugs. He then kept the proceeds from the transactions. Thus it was scarcely error ... for the court not to give a downward adjustment on "minor participant" grounds." Escobar-Figueroa, 454 F.3d at 50. The Court of Appeals settled that Petitioner was not a minor participant and that this Court did not err in not giving a downward adjustment on minor participant grounds.

As to Petitioner's second allegation that there was no evidence that he actually or constructively possessed a firearm, the Court of Appeals stated that there was "adequate evidence to allow the court to impose the weapons enhancement without committing error" and rejected Petitioner's assertion that the weapons enhancement was improperly added in computing his sentence. Id.

As to Petitioner's third allegation that the Court's drug quantity finding was contrary to the jury verdict and not supported by the evidence at trial, the Court of Appeals found that the trial evidence relative to Petitioner supported a drug quantity calling for a base offense level of 38 - the level the Court

Civil No. 07-2042 (PG)                                                           Page 5

used in sentencing Petitioner - even if it was for a different drug than the one used by the Court at sentencing. Id. at 53. The Court of Appeals determined that "the evidence of drug quantity appearing in the record as directly attributable to [Petitioner] Escobar made it highly unlikely that a lower offense level would have resulted from an individualized finding of the amount of crack attributable to, or foreseeable by, [Petitioner] Escobar. Id.

All of Petitioner's allegations in this request for relief were already settled and dismissed on appeal. These claims are now renewed under an alleged ineffective assistance of counsel claim. Since these issues were previously settled on direct appeal, Petitioner may not revisit his previous allegations through a collateral proceeding. Withrow v. Williams, 507 U.S. 680, 720-721 (1993). Section 2255 motions may not be used as vehicles to re-litigate issues that were raised on appeal absent extraordinary circumstances, such as intervening change of law or newly discovered evidence. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993). Since Petitioner adds nothing new to his previously resolved claims and has not shown that counsel's performance was deficient nor prejudiced, his claims alleging that counsel was ineffective for failing to raise at sentencing that he was a minor participant, that there was no evidence that he actually or constructively possessed a firearm possessed a firearm, and that the Court's drug quantity finding was contrary to the jury verdict and not supported by the evidence at trial, fail on their merits.

### III. CONCLUSION

For the reasons stated above, the Court concludes that Petitioner **Carlos M. Escobar-Figueroa** is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner **Carlos M. Escobar-Figueroa's** request for habeas relief under 28 U.S.C. Section 2255 (D.E. # 1) be

**DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 be **DENIED**.

**IT IS SO ORDERED.**

### IV. CERTIFICATE OF APPEALABILITY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253 (c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this _22_ day of March, 2011

S/JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
**Senior United States District Judge**